UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-1264-CIV-LENARD

EXOTIC BOTANICALS, INC.,
a Florida corporation,
**HODGE GREENHOUSES, INC.**,
a Florida corporation,
**JOAN D. CONE, INC. d/b/a
TREEHOUSE PLANTS**, a sole
proprietorship, **DONALD WAYNE
SIMPSON d/b/a ORNAMENTAL
HORTICULTURE**, a sole
proprietorship, and **GATOR
GROWERS NURSERY, INC.**,
a Florida corporation, on
behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

**E.I. DUPONT DE NEMOURS &
COMPANY, INC.**, a Delaware
corporation, **CRAWFORD & COMPANY**,
a Georgia corporation, **THOMAS M.
BURKE, ESQ.**, individually, **TIMOTHY
T. OBRIGAWITCH**, individually, **EDGAR
S. WOOLARD, JR.**, individually, and
**CABANISS & BURKE, P.A. f/k/a
CABANISS BURKE & WAGNER, P.A.**, a
Florida partnership,

    Defendants.
_____/



## ORDER OF REMAND

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Remand (DE5) filed May 14, 1997. The Court has considered the motion, the responses and reply thereto, and otherwise advised in

the premises, finds as follows.

I. INTRODUCTION

On March 25, 1997, Plaintiffs, individually and on behalf of all others similarly situated, filed the above-captioned cause against Defendants E.I. du Pont de Nemours and Company ("DuPont"), Crawford and Company, Thomas M. Burke, Esq., Timothy T. Obrigawitch, Edgar S. Woolard, Jr., and Cabaniss & Burke, P.A. in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. (Not. of Removal at ¶ 1.) On April 25, 1997, DuPont filed a Notice of Removal wherein it alleged that this Court has original jurisdiction over Plaintiffs' claims under both federal question and diversity of citizenship theories of jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332. Now before the Court is Plaintiffs' Motion to Remand, filed May 14, 1997.

II. ANALYSIS

28 U.S.C. § 1441 provides that

> [e]xcept as otherwise expressly prohibited by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In addition, 28 U.S.C. § 1447(c) provides that "[i]f at any time

2

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Relying on the foregoing statutory provisions, Plaintiffs seek remand of this case to the state court from which it was removed on the ground that it is not within the removal jurisdiction conferred by Section 1441. Specifically, Plaintiffs argue that neither federal question jurisdiction nor diversity of citizenship jurisdiction supports the removal of the case to this Court. The Defendants have "the burden of proving the existence of federal jurisdiction." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996).

A.  **Federal Question Jurisdiction**

28 U.S.C. § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." With respect to federal question jurisdiction, the Eleventh Circuit has stated:

> A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11 (1983). This is known as the 'well-pleaded complaint' rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only

> state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure S 3566 (1984).

Kemp v. International Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997). In this case, Plaintiffs allege five state law causes of action in an effort to recover damages caused by Plaintiffs' use of DuPont's Benlate 50 DF fungicide product and the alleged conspiracy between DuPont and others to conceal the product's defects. In Count I, Plaintiffs allege that Defendants violated Florida's Civil Remedies for Criminal Practices Act (CRCPA), Fla. Stat. §§ 772.101-772.19, by intentionally engaging in a pattern of criminal activity designed "(a) to get Benlate 50 DF to the market and to keep the product on the market; and (b) to avoid liability and limit financial exposure from Benlate 50 DF damage by manipulating (1) the information and scientific research concerning Benlate, and (2) the Benlate claims procedure, and (3) the legal process." (Compl. at ¶ 227.) Plaintiffs also seek to recover under strict liability (Count II), negligence (Count III), fraud (Count IV) and breach of express warranty (Count V) theories for losses sustained directly from the product's alleged defects. Defendants removed this case to federal court on the ground that

4

Plaintiffs' CRCPA claim necessarily involves the resolution of questions of federal law, i.e. whether Defendants have committed violations of the federal mail and wire fraud statutes.

Following the well-pleaded complaint rule, the Court finds that Plaintiffs have pled violations of federal statutes, including 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud) & 1622 (perjury), as examples of the various incidents of criminal activity that Defendants engaged in in furtherance of their alleged RICO enterprise. However, proof of such federal law violations is not necessary to success on the merits of their CRCPA claim and Plaintiffs may prove violations of any of the federal or state statutes listed at Fla. Stat. § 772.102 to satisfy the pattern of criminal activity element of Fla. Stat. § 772.103. In fact, Plaintiffs have alleged state law violations, including violations of Sections 817 (false and misleading advertising), 837 (perjury) & 914 (witness tampering), Florida Statutes, in addition to the federal law violations alleged. As the Kemp court noted, the questions to be asked are whether the Plaintiffs seek relief under the federal statutes mentioned in the Complaint or whether Plaintiffs seek relief which is available under a federal statute which preempts Plaintiffs' state law cause of action. 109 F.3d at 712. Clearly Plaintiffs do not and cannot seek relief under the

5

federal criminal mail and wire fraud statutes. Further, Congress expressly chose not to preempt state law RICO claims like the one brought by Plaintiffs. Racketeer Influenced and Corrupt Organizations Act, Pub. L. No. 91-452, § 904(b), 84 Stat. 941, 947 (1970) (providing that "[n]othing in this title shall supersede any provision of Federal, State, or other law imposing criminal penalties or affording civil remedies in addition to those provided for in this title"). Finally, a finding by the Court that a state law RICO claim which incorporates violations of federal law arises under federal law would as a practical matter divest state courts of the power to interpret the state RICO law. Such a finding would be inconsistent with <u>Tafflin v. Levitt</u>, 493 U.S. 455 (1990), in which the Supreme Court found no difficulty with the existence of concurrent jurisdiction of state and federal courts over federal civil RICO claims, in part because the Court found that concurrent jurisdiction presented no danger to the uniformity of interpretation of the federal criminal laws since "federal courts, pursuant to [18 U.S.C. § 3231], would retain full authority and responsibility for the interpretation and application of federal criminal law," and "would not be bound by state court representations of the federal offenses constituting RICO's predicate acts." 493 U.S. at 464. Therefore, Defendants may not

6

rely on 28 U.S.C. § 1331 as a basis for removal of Plaintiffs' action to federal court.

### B. Diversity Jurisdiction

28 U.S.C. § 1332 provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity--every plaintiff must be diverse from every defendant." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996). In this case, the amount of controversy requirement is met by Plaintiffs' request "for damages well in excess of $1,000,000.00, exclusive of interest, costs and attorneys' fees." (Compl. at ¶ 13.) Complete diversity among the parties does not appear on the face of the Complaint, however. Although Plaintiffs and most of the Defendants are diverse from one another, Defendants Cabaniss & Burke, P.A. and Thomas J. Burke, Esq., are, like Plaintiffs, citizens of Florida. (Compl. at ¶¶ 1-12.) Defendants argue, however, that the Court should find that it has jurisdiction over Plaintiffs' Complaint despite failure of the complete diversity requirement because (1) Defendant Thomas J. Burke, Esq. is alleged to have acted wrongfully only in his

capacity as legal representative of DuPont and therefore should be considered a citizen of the place of DuPont's citizenship, Delaware, (2) Defendant Cabaniss & Burke, P.A. is a nominal party whose citizenship should be disregarded for purposes of determining jurisdiction, and (3) the citizenship of both Defendants should be disregarded for the purposes of determining jurisdiction because Plaintiffs fraudulently joined those Defendants in an effort to defeat the Court's diversity jurisdiction.

Essentially, Defendants argue that Plaintiffs have failed to state a viable cause of action against the attorney and law firm defendants and that therefore those Defendants have been fraudulently joined. See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (defendant must prove that "there is no possibility the plaintiff can establish a cause of action against the resident defendant" in order to establish fraudulent joinder). In Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), the Eleventh Circuit explained that despite a failure of the complete diversity requirement, "[a]n action may nevertheless be removable if the joinder of non-parties is fraudulent." 77 F.3d at 1359. Further, "[r]emovability should be determined according to the plaintiff's pleading at the time of the petition for removal." 77 F.3d at 1359 (citations omitted). And, "the district court must

evaluate the factual allegations [therein] in the light most favorable to the plaintiff." Crowe, 113 F.3d at 1538. In sum, "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id.

In the Complaint, Thomas J. Burke, Esq. and Cabaniss & Burke, P.A. are named Defendants in Count I, which alleges that DuPont and various others acted in furtherance of an enterprise made illegal by Fla. Stat. Ann. § 772.103. (Compl. at ¶¶ 223, 225-31, 233-36.) In support, Plaintiffs allege that the law firm "was, during relevant times, retained to provide professional legal services to DuPont in the handling of Benlate 50 DF claims," and that Burke, as a partner in the firm, was "delegated and authorized by DuPont to serve as the National Coordinator for all Benlate litigation." (Compl. at ¶ 12.) Plaintiffs further allege that Burke conceived of the plan used by DuPont to avoid liability for damage caused by Benlate, in part by providing false information about the harmful effects of Benlate to the public. (Compl. at ¶¶ 124-28, 130, 135, 137-38, 151.) Plaintiffs also allege that DuPont carried out secret tests using Benlate in Costa Rica and that the participants were required to sign confidentiality and other agreements generated by the law firm. (Compl. at ¶¶ 208-09.) Although aware

9

of the tests and of test results positively showing that Benlate causes damage in ornamental plants, Burke allegedly failed to produce evidence of the tests in discovery and allowed witnesses to testify to the nonexistence of the tests in judicial proceedings. (Compl. at ¶¶ 210-13.)

Defendants argue that Plaintiffs have not asserted a legally viable claim against Burke and his law firm, or in the alternative, that any such claim is precluded by absolute immunity. Fla. Stat. Ann. § 772.104 provides in pertinent part:

> Any person who proves by clear and convincing evidence that he has been injured by reason of any violation of the provisions of § 772.103 shall have a cause of action for threefold the actual damages sustained and in any such action is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

Section 772.103 provides in pertinent part:

> It is unlawful for any person:
> . . .
> (3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity . . . .
> (4) To conspire or endeavor to violate any of the provisions of . . . subsection (3).

As stated above, Plaintiffs have alleged that Burke and Cabaniss & Burke, P.A. were employed by the "DuPont Enterprise" and conducted

or participated in the enterprise through a pattern of criminal activity and conspired to do the same. Further, the Court cannot find that the principles of absolute immunity bar the CRCPA claims alleged by Plaintiffs against the Defendants. The Supreme Court of Florida described the absolute immunity that results from application of Florida'a litigation privilege in <u>Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co.</u>, 639 So. 2d 606 (Fla. 1994): "Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding." 639 So. 2d at 608. However, Plaintiffs contend that Defendants Burke and Cabaniss & Burke, P.A. violated Florida's RICO statute based on actions which they conducted outside of any specific proceeding in a court of law. In addition, Plaintiffs have alleged that Defendants orchestrated a fraudulent litigation strategy which would be put into effect in any cases which arose concerning Benlate. Therefore, the Court finds that because there is at least a possibility that the state court would find that Plaintiffs' Complaint states a cause of action against at least one of the non-diverse Defendants, joinder is proper and the case must

be remanded to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. See Crowe, 113 F.3d at 1538.

### III. CONCLUSION

The Court having found that it lacks subject matter jurisdiction to hear this case, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. All other pending motions are **DENIED** as moot and the Clerk shall close this case forthwith.

**DONE AND ORDERED** in Chambers in Miami, Florida, this _9_ day of September, 1997.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc: Harley S. Tropin, Esq.
Marc Cooper, Esq.
Alice G. Hector, Esq.
John M. Brumbaugh, Esq.
Calvin David, Esq.

12